# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 21-30550
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

James D. Minor, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-186-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant James D. Minor, Jr., pleaded guilty to escaping from custody. The district court varied upward from the applicable guidelines range and sentenced him to 42 months of imprisonment and a three-year term of supervised release. The district court also ordered that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30550

sentence should run consecutive to the remainder of the revocation sentence that Minor was serving at the time he escaped.

Minor contends on appeal that the sentence is substantively unreasonable. He concedes that his criminal history is substantial and that he has often had his release terms revoked. He claims, however, that all but one of his prior convictions were for non-violent offenses and that much of his criminal history was driven by his problems with substance abuse.

We review the reasonableness of a sentence, whether inside or outside the guidelines range, for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)). The instant record reflects that the district court considered Minor's claims but appropriately relied on several 18 U.S.C. § 3553(a) factors in determining that an above-guideline sentence was warranted. The district court's decision to vary 21 months above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). Minor has not, therefore, demonstrated an abuse of discretion. *See Gall*, 552 U.S. at 51; *Chandler*, 732 F.3d at 437.

AFFIRMED.